City Water Works v. Lane.

## The City Water Works v. David Lane.

1. ORDINARY CARE—*degree of, varies with danger.* The degree of care required of an ordinarily prudent person is to be determined by the danger to which he knowingly is exposed.
2. ASSUMED RISK—*when doctrine of, applies.* If a servant voluntarily and knowingly works in a dangerous place, or with dangerous or defective machinery, he cannot recover for injuries received in consequence, for in such case the risk is his and not that of his employer.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1905. Reversed, with finding of facts. Opinion filed September 8, 1905.

M. MILLARD, for appellant.

KEEFE & IROSE, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellant, a corporation, owns and operates a water supply plant and pumping station in East St. Louis, by which the city is supplied with water from the river. April 28, 1902, appellee was employed by appellant and began work as an oiler and wiper of the engines and machinery at the pumping station. He was to work with and assist the night engineer and was under his direction and supervision. His duties were to supply the machinery with oil when needed, to wipe and clean the same, and to do such other work about the machinery as the engineer should direct. He worked from six in the evening until seven in the morning. His services began the evening of April 29th, and on the fifth night thereafter, May 3, 1902, while attempting to walk upon a bar near the moving crank and

fly-wheel of the engine, his foot was caught by the crank and injured. He brought suit in the Circuit Court against appellant to recover damages for the injuries received.

The declaration is in three counts and charges appellant with negligence in not furnishing sufficient light at the place where appellee was required to work, in not supplying a hand-hold or rail by which appellee could have supported himself, and in failing to warn and instruct appellee as to the dangers of his employment. The case was tried by a jury upon the general issue and a verdict in favor of appellee for $500 was returned, upon which the court rendered judgment. Defendant appealed. On the trial, at the close of plaintiff's evidence, and again at the close of all the evidence, defendant moved the court for a peremptory instruction to the jury, to find for the defendant. The instruction was refused, exceptions preserved and error assigned.

After a careful consideration of all the evidence in the record, and the argument of counsel in support of their respective contentions, we are of opinion that the peremptory instruction should have been given and that the trial court erred in refusing it.

In addition to the foregoing statement of facts, it appears from the undisputed evidence in the record that appellee was a man of mature years, that he solicited employment in the service to which he was assigned, and in which he was engaged when injured; that he claimed for himself aptitude in learning to perform the work required; that he was fully instructed by the engineer respecting his duties, and for four nights preceding his injury most of the work for which he was employed was performed by the engineer while appellee attended and looked on; that the machinery, in its working parts, was fully exposed to view and the danger to be incurred by appellee while about his duty was clearly apparent. There is no evidence that appellee was directed to do the work he was engaged in when injured, nor does there appear to have been any call, occasion or necessity for his being in that particular place at that time.

Appellee testified, on cross-examination: "I had been around the moving parts of the engine and seen it moving all the time; I could see what parts were moving and what parts were stationary; I did not know what risk I was taking exactly in going there; I knew what parts of the engine were moving when I went in there; I could see that; I saw them every night during the five nights I was there." Appellee testifies that there were only five lights (electric incandescent) all told in the room, and that only three of these were burning at the time. The testimony is overwhelming that there were ten lights in the engine room and all burning that night. But accepting appellee's statement that only three were burning, he knew or should have known as well as any one else the condition as to the sufficiency of light. He says there was one light hanging from the ceiling right over the place he was injured. Whatever the condition in other parts of the room it seems that the one light immediately above the bar on which be stepped would be sufficient to reveal the danger to which he was exposed in going into that place. There is no evidence tending to prove the allegation of negligence charged in the third count of the declaration, unless the statement of appellee that "there was nothing there to support yourself with," is to be so regarded. This, of itself, proves nothing. It is not shown by any witness that a bar or railing at this place was practicable, convenient or necessary, for as already observed, it does not appear that it was ever necessary to go in upon the bar or place referred to while the engine was in motion. Appellee seems purposely and unfortunately to have chosen the time for his venture when the engineer was above stairs. When reproached by the engineer for going in there when he had been expressly told not to do so, his answer was, "Yes, but I thought you were doing my work and I did not want you to do it." Even if conceded that the evidence not only tends to prove, but preponderates in support of the allegation of negligence, the appellee cannot recover for the reason that upon this record we are constrained to hold as a matter of

law, that he was not in the exercise of due care for his own safety, and that, as incidental to his employment and his knowledge of the conditions, he assumed the risk. He voluntarily engaged in a hazardous occupation in which the 'incidental risk is great. He knew or must have known from the very nature of the service and from a mere casual observation, that in going in and about the engine and machinery when in motion, he was constantly exposed, and that no more than ordinary care under such circumstances required a high degree of caution and watchfulness to avoid injury. The degree of care required of an ordinarily prudent person is to be determined by the danger to which he knowingly is exposed. Wilson v. I. C. R. R. Co., 109 App. 542. Appellee was acquainted with the conditions and as an ordinarily cautious and prudent person must be held to have known the danger of what he attempted to do. He was not in the exercise of ordinary care. His own negligence contributed to the injury. By accepting employment and undertaking to perform the duties required the servant assumes the risk of dangers incidental to the service, and in addition to that he assumes the risk of dangers which he knows and understands, even though the additional hazard is due to the negligence of the master. If he voluntarily and knowingly works in a dangerous place, or with dangerous or defective machinery, he cannot recover for injuries received in consequence, for in such case the risk is his and not of his employer. C. & E. I. R. R. Co. v. Heerey, Admr., 203 Ill. 492; I. T. R. R. Co. v. Thompson, 112 App. 463. Under the evidence in this case it must be held that appellee assumed the risk and for that reason alone there can be no recovery. The judgment of the Circuit Court will therefore be reversed with a finding of facts.

*Reversed, with finding of facts.*

We find as facts, to be incorporated with the judgment, that the injury complained of was not caused by appellant's negligence, that appellee was not in the exercise of ordinary

care for his own safety before and at the time of his injury, and that appellee assumed the risk from which he was injured.